

2014 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-8-2014

# Marco Robertson v. Warden Lewisburg USP

Precedential or Non-Precedential: Non-Precedential

Docket No. 14-1456

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2014

## Recommended Citation

"Marco Robertson v. Warden Lewisburg USP" (2014). *2014 Decisions.* Paper 1053.
http://digitalcommons.law.villanova.edu/thirdcircuit_2014/1053

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2014 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-334                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1456
_____

MARCO MIGUEL ROBERTSON,
                                        Appellant

v.

WARDEN J.E. THOMAS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3-13-cv-02551)
District Judge: A. Richard Caputo

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 14, 2014

Before: RENDELL, FISHER and GREENAWAY, JR., <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 8, 2014)
_____

OPINION
_____

PER CURIAM

        Appellant Marco Miguel Robertson appeals from an order of the District Court

dismissing his habeas corpus petition, 28 U.S.C. § 2241, without prejudice.  For the

reasons that follow, we will summarily affirm.

Robertson, an inmate housed in the Special Management Unit of the United States Penitentiary, Lewisburg, filed a petition for writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania, alleging that he suffers from numerous physicals symptoms as a result of an undiagnosed and untreated physical trauma caused by a cellmate. Robertson alleged that, in addition to a failure to treat his symptoms, prison staff improperly use ambulatory restraints on him, falsify documents relating to him, verbally harass him; and twice they attempted to murder him. Robertson sought a transfer to a medical or psychiatric facility where he can receive appropriate treatment and counseling. After the Warden responded to the petition and sought its dismissal, the Magistrate Judge filed a Report and Recommendation, concluding that Robertson was not entitled to use a habeas corpus action to challenge the conditions of his confinement. The District Court agreed and denied the habeas corpus petition without prejudice to Robertson's right to reassert his claims in a properly filed civil rights action.

Robertson appeals. We have jurisdiction pursuant to 28 U.S.C. §§ 1291. Our Clerk advised him that the appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. Robertson was invited to submit argument in writing and he has done so. In his submission, he again complains about conditions in the Special Management Unit and his medical and psychological problems.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. The District Court properly determined that habeas corpus review is available only where the deprivation of constitutional rights impacts the fact or length of the prisoner's detention,

2

<u>Leamer v. Fauver</u>, 288 F.3d 532 (3d Cir. 2002).  Robertson's claims do not meet this test.  Although he asked to be transferred to a hospital, he did not claim entitlement to a speedier release from custody, nor was he challenging the legality of his present incarceration.  His allegations concerning deficient medical care in the SMU and other conditions of his confinement do not "spell speedier release," and thus do not lie at the "'the core of habeas corpus.'"  <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 82 (2005) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489 (1973)).  <u>See</u> <u>also</u> <u>Leamer</u>, 288 F.3d at 542-44.

For the foregoing reasons, we will summarily affirm the District Court's order dismissing the habeas corpus petition without prejudice to Robertson's right to reassert his claims in a civil rights action following the exhaustion of his administrative remedies.